UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT J. JACKSON,

        Plaintiff,

v.                                                 Case No. 18-C-1752

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

## ORDER DISMISSING CASE

On March 4, 2019, the court ordered pro se plaintiff Robert Jackson to file his initial brief or to file a motion for an extension by March 18, 2019, because he failed to submit his initial brief by February 28, 2019—the deadline set in the court's briefing letter. ECF No. 12. Jackson was warned in the court's March 4 order that failure to file a brief or request an extension of time could result in dismissal of his case for failure to prosecute. *Id.* On March 15, 2019, the court received a letter from Jackson informing the court that he received a liver transplant roughly ten years ago, listed various symptoms that he suffered from, and stated that in December of 2018 he had an operation on his neck. Jackson's letter also stated "I don't have a degree in law to write a correct brief." ECF No. 13. To date, Jackson has not requested an extension or filed a brief.

While in general pro se filings are held to a less exacting standard than those prepared by counsel, a filing must contain a cogent argument with reasons supporting it as well as citation to authority and relevant parts of the record. *See DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play

archaeologist with the record."); *Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Exp., Inc.*, 181 F.3d 799, 808 (7th Cir. 1999) (arguments not developed in any meaningful way are waived). Jackson's letter does not identify the issues he has with the Administrative Law Judge's (ALJ) decision. Jackson's complaint similarly does not identify any specific issues. As a result, the court is unable to ascertain what Jackson's issues are with the ALJ's decision.

Because Jackson has not requested an extension or filed a brief, the court will dismiss his case. "The inherent authority of the district court to dismiss a case *sua sponte* and control its docket is well established." *Moser v. Univ. Eng'r Corp.*, 11 F.3d 720, 723 (7th Cir. 1993). This authority arises from the need for courts to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1961); *see also James v. Mcdonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). Although it appears the Seventh Circuit has not addressed whether dismissal for failure to file a brief is appropriate in the context of social security, other circuit courts have affirmed dismissals for failure to file a brief or comply with court orders. *Enix v. Comm'r of Social Sec.*, 461 F. App'x 861, 864 (11th Cir. 2012) (affirming dismissal of social security appeal due to plaintiff's failure to file a brief challenging the ALJ's decision despite two orders instructing plaintiff to do so); *Tripp v. Comm'r of Social Sec. Admin.*, 471 F. App'x 631, 632 (9th Cir. 2012) (affirming dismissal of social security appeal for failure to prosecute and failure to comply with court orders). While no case should be dismissed for failure to prosecute without a warning to the plaintiff, *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000), the court specifically warned Jackson that his failure to file a brief or a motion for an

2

extension of time could result in dismissal. Unfortunately, this advance warning has proven ineffective. The court is satisfied that the sanction of dismissal without prejudice is appropriate.

**SO ORDERED** this  20  day of March, 2019.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court